UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| 1544 TCHOUPITOULAS, LLC | CIVIL ACTION |
| VERSUS | NO. 06-1868 |
| CENTURY SURETY CO., ET AL. | SECTION "A"(4) |

**ORDER AND REASONS**

Before the Court is a **Motion to Remand (Rec. Doc. 3)** filed by plaintiff 1544 Tchoupitoulas, LLC.  Defendant Century Surety Co. opposes the motion.  The motion, set for hearing on May 31, 2006, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is DENIED.

**I.   BACKGROUND**

According to the state court petition, 1544 Tchoupitoulas, LLC ("Plaintiff") owned property in New Orleans that sustained damages as a result of Hurricanes Katrina and Rita.  Plaintiff was an insured under a policy of commercial insurance obtained by its lessor, defendant Twi-Ro-Pa LLC.  Independent Insurance Associates, Inc. ("Independent") is the insurance broker or agent.  Century Surety Co. ("Century") is the insurer.  Plaintiff alleges that Century Surety and Independent have failed to pay

for the damages sustained and are therefore liable under La. R.S. 22:658.  Plaintiff goes on to claim that "[i]n the event" that Twi-Ro-Pa did not maintain sufficient coverage as it was contractually obligated to do then such a failure would be negligence on its part.  Further, Plaintiff claims that *if* coverage was insufficient then such an error or omission would be attributable to Independent.

Century removed the case to this Court asserting that Independent and Twi-Ro-Pa were both fraudulently joined to defeat subject matter jurisdiction.[1]

**II.  DISCUSSION**

Plaintiff moves to remand the case to state court. Plaintiff argues that it unequivocally states a claim against Independent and Twi-Ro-Pa.  Plaintiff argues that in Louisiana an agent owes a fiduciary duty to the insured.  Thus, if Independent failed to procure sufficient coverage then it has breached the duty owed to Plaintiff.  Plaintiff contends that its claim against Twi-Ro-Pa is for breach of contract because the parties' lease required that Twi-Ro-Pa obtained sufficient coverage. Plaintiff argues that it has a viable breach of contract claim against Twi-Ro-Pa.  Further, Plaintiff argues that all defendants have not consented to the removal.

---

[1] Plaintiff is a citizen of Louisiana.  Independent and Twi-Ro-Pa also appear to be Louisiana citizens.  Century is a citizen of Ohio.

In opposition, Century argues that the Court's analysis is driven by the facts as pled in the petition. Century points out that the only basis in the petition upon which Plaintiff seeks to recover from Independent is under La. R.S. 22:658, which does not apply to insurance agents. Century also points out that insurance agents do not pay damage claims on policies. Regarding Twi-Ro-Pa, Century argues that Plaintiff has not claimed that this defendant actually committed any wrong. Rather, Plaintiff alleges that *if* the policy coverage turns out to be insufficient then Twi-Ro-Pa is liable. As for now, however, there has been no allegation that the policy limits were insufficient. Thus, according to Century, Plaintiff states a claim against neither Independent nor Twi-Ro-Pa and their citizenship should therefore be ignored. Further, Century argues that as of the date of removal the record reflects that Century was the only served defendant. Thus, the consent of the other defendants to the removal was not necessary.

The test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against the in-state defendant. <u>Smallwood v. Illinois Cent. R.R.</u>, 385 F.3d 568, 573 (5th Cir. 2004). In order to determine whether the plaintiff has any possibility of recovery against the non-diverse defendant the court conducts a Rule 12(b)(6) analysis to determine whether the complaint states a

3

claim under state law against the non-diverse defendant.  Id. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge there is no fraudulent joinder.  Id.

Defendant has met its burden with respect to both in-state defendants.  Plaintiff has sued Century and Independent for failing to pay the policy proceeds and for concomitant penalties under La. R.S. 22:658.  Section 658 applies on its face to an *insurer* who arbitrarily, capriciously, or without probable cause fails to timely pay a claim.  The Court can find no authority that would allow the insured to pursue claims under section 658 directly against an agent or broker.  Thus, Plaintiff does not state a claim under Louisiana law against Independent for failure to timely pay the policy proceeds.

Regarding the claim for insufficient coverage, the Court will assume that under Louisiana law Independent owed a duty to Plaintiff to obtain sufficient coverage, and that Tri-Ro-Pa was contractually obligated by its lease to obtain sufficient coverage.  However, Plaintiff's claim against these two defendants suffers from a glaring deficiency in that Plaintiff is *not* alleging that coverage under the policy was deficient.  In fact, the sparsity of the allegations contained in the petition suggests that Plaintiff has no basis *at this time* upon which to conclude that coverage under the policy was deficient.  Plaintiff's inability to make such an allegation persuades the

4

Court that Plaintiff's petition states no claim against Independent and Twi-Ro-Pa for insufficient coverage. Consequently, Independent and Twi-Ro-Pa have been fraudulently joined and their citizenship must be ignored when determining the propriety of removal.  Given that Plaintiff and Century are of diverse citizenship the Court has original jurisdiction over that claim.[2]

Finally, Plaintiff seeks remand by way of an alleged defect in the removal, i.e., that all served defendants have not consented to the removal.  Century claims that at the time of removal it was the only defendant served.  Naturally some evidence of proof of service would be in Plaintiff's possession but Plaintiff has shown the Court nothing to suggest that any other defendant had been served as of the time of removal.

In sum, the case as pled in the state court petition was properly removed by Century.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 3)** filed by plaintiff 1544 Tchoupitoulas, LLC should be and is hereby **DENIED**.

\* \* \* \* \* \* \* \*

---

[2] The notice of removal states the alleged loss sustained is in excess of $500,000.  (Ntc. Rem. ¶ 9).