December 5, 2006

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

1544 TCHOUPITOULAS, LLC                          CIVIL ACTION

VERSUS                                           NO. 06-1868

CENTURY SURETY CO., ET AL.                       SECTION "A"(4)

ORDER AND REASONS

Before the Court is a **Motion for New Trial (Rec. Doc. 18)**
filed by plaintiff 1544 Tchoupitoulas, LLC.  Independent
Insurance Associates, Inc. opposes the motion.  The motion, set
for hearing on November 29, 2006, is before the Court on the
briefs without oral argument.  For the reasons that follow, the
motion is DENIED.

I.   BACKGROUND

According to the state court petition, 1544 Tchoupitoulas,
LLC ("Plaintiff") owned property in New Orleans that sustained
damages as a result of Hurricanes Katrina and Rita.  Plaintiff
was an insured under a policy of commercial insurance obtained by
its lessor, defendant Twi-Ro-Pa LLC.  Independent Insurance
Associates, Inc. ("Independent") is the insurance broker or
agent.  Century Surety Co. ("Century") is the insurer.  Plaintiff

alleges that Century Surety and Independent have failed to pay for the damages sustained and are therefore liable under La. R.S. 22:658.  Plaintiff goes on to claim that "[i]n the event" that Twi-Ro-Pa did not maintain sufficient coverage as it was contractually obligated to do then such a failure would be negligence on its part.  Further, Plaintiff claims that *if* coverage was insufficient then such an error or omission would be attributable to Independent.

Century removed the case to this Court asserting that Independent and Twi-Ro-Pa were both fraudulently joined to defeat subject matter jurisdiction.[1]  On June 6, 2006, the Court denied Plaintiff's motion to remand the case to state court.  The Court explained its reasons for concluding that Independent and Twi-Ro-Pa were fraudulently joined to defeat federal jurisdiction. (Rec. Doc. 6).  The Court stated:

> Plaintiff's claim against these two defendants suffers from a glaring deficiency in that Plaintiff is *not* alleging that coverage under the policy was deficient. In fact, the sparsity of the allegations contained in the petition suggests that Plaintiff has no basis *at this time* upon which to conclude that coverage under the policy was deficient.  Plaintiff's inability to make such an allegation persuades the Court that Plaintiff's petition states no claim against Independent and Twi-Ro-Pa for insufficient coverage.

(Rec. Doc. 6, at 4-5).  On September 18, 2006, Plaintiff

---

[1] Plaintiff is a citizen of Louisiana.  Independent and Twi-Ro-Pa also appear to be Louisiana citizens.  Century is a citizen of Ohio.

voluntarily dismissed Twi-Ro-Pa from the lawsuit (Rec. Doc. 12), and on October 5, 2006, the Court granted Independent's motion to dismiss, citing the reasons given in the order pertaining to the motion to remand (Rec. Doc. 15).

Plaintiff then moved to amend its petition and at the same time moved for a new trial on the Court's determination regarding the claim against Independent.  On October 19, 2006, the magistrate judge granted Plaintiff's motion to amend as unopposed.  (Rec. Doc. 21).  The amended petition brought Independent back into the case.   Independent asserts that Plaintiff did not serve it with a copy of the motion so it had no opportunity to file an opposition.

## II.  <u>DISCUSSION</u>

Plaintiff's motion for new trial is DENIED.  For the reasons previously given, the petition as filed did not state a claim against Independent.  At first Plaintiff attempted to recover against Independent by claiming that the coverage under the policy *might be* insufficient.  Plaintiff could not allege definitively that the coverage was in fact insufficient. Moreover, under Louisiana law an agent generally has no duty to counsel an insured on policy limits.  <u>See</u> <u>Parker v. Lexington Ins. Co.</u>, No. 06-4156, 2006 WL 3328041 (E.D. La. Nov. 15, 2006).

In the amended petition Plaintiff makes a second attempt to

3

allege a claim against Independent, this time stating that Independent was Plaintiff's insurance agent/broker and that it undertook an obligation to obtain sufficient coverage for the property but failed to do so.  However, the original petition makes clear that Twi-Ro-Pa, Plaintiff's lessor, was the party contractually obligated to procure coverage for the property and the affidavits that Plaintiff has now submitted with its motion for new trial confirm that Twi-Ro-Pa's representatives dealt directly with Independent to procure coverage.  Nothing in the record confirms Plaintiff's post-removal claim that Independent was its insurance agent.  Moreover, jurisdiction is determined at the time of removal and post-removal events will generally not deprive the court of jurisdiction.  Bank One Tex. Nat'l Ass'n v. Morrison, 26 F.3d 544, 547 (5th Cir. 1994) (citing Asociacion Nacional de Pescadores v. Dow Quimica de Colombia, S.A., 988 F.2d 559, 565 (5th Cir. 1993)).  The case as originally filed was properly removed.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for New Trial (Rec. Doc. 18)** filed by plaintiff 1544 Tchoupitoulas, LLC should be and is hereby **DENIED**;

**IT IS FURTHER ORDERED** that the claims against Independent Insurance Associates, Inc. are **DISMISSED**.

\* \* \* \* \* \* \* \*

4