November 3, 2008

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

1544 TCHOUPITOULAS, LLC                                CIVIL ACTION

VERSUS                                                 NO. 06-1868

CENTURY SURETY CO., ET AL.                             SECTION "A"(4)

ORDER AND REASONS

Before the Court is a **Motion for Permanent Injunction Pursuant to the Re-Litigation Exception of the Anti-Injunction Act (Rec. Doc. 75)** filed by defendant Century Surety Co. Twi-Ro-Pa, LLC, through its assignee 1544 Tchoupitoulas, LLC, opposes the motion. The motion, set for hearing on October 29, 2008, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is DENIED.

I.   BACKGROUND

According to the state court petition, 1544 Tchoupitoulas, LLC ("Plaintiff" or "1544 Tchoupitoulas")) owned property in New Orleans that sustained damages as a result of Hurricanes Katrina and Rita. Plaintiff alleges that it was an insured under a

policy of commercial insurance obtained by its lessor, Twi-Ro-Pa LLC. Century Surety Co. ("Century") is the insurer. Plaintiff alleges that Century has failed to pay for the damages sustained and is therefore liable under La. R.S. 22:658.

In April 2007 the Court granted Century's motion for summary judgment and a judgment was entered in favor of Century. Plaintiff appealed that judgment and the Fifth Circuit affirmed. While this suit was still pending, Plaintiff filed suit in state court against Independent Insurance, an entity that had been dismissed from this lawsuit. Twi-Ro-Pa, through its assignee 1544 Tchoupitoulas, filed a motion to intervene in that state court proceeding. Twi-Ro-Pa had assigned to 1544 Tchoupitoulas all of its rights against Century sometime prior to that intervention.

Century now moves this Court for an injunction arguing that Plaintiff is trying to relitigate in state court issues that were previously decided by this Court.

## II.  DISCUSSION

The Court granted Century's motion for summary judgment after concluding that Plaintiff, 1544 Tchoupitoulas, was not an additional insured under the Building Coverage part of the policy. (Rec. Doc. 58). The Court went on to state that "even if Plaintiff could avoid summary judgment as to the additional insured issue the wind damage exclusion contained in the policy

that was in effect at the time the losses occurred is fatal to Plaintiff's case."  Thus, if 1544 Tchoupitoulas were currently before the state court attempting to relitigate these issues then Century would likely be entitled to relief.

However, a crucial difference exists between this lawsuit, which was decided in Century's favor, and the suit pending in state court.  Although the state court lawsuit is being prosecuted by 1544 Tchoupitoulas, it is doing so solely as assignee of Twi-Ro-Pa's rights against Century.  Twi-Ro-Pa was an insured under the Building Coverage part of the policy so additional insured status is not an issue in that cause of action  Therefore, the sole question before this Court now is whether Twi-Ro-Pa, whose rights were not adjudicated in this Court, is bound by the summary judgment ruling and final judgment.

Century cites no cases in support of its contention that sufficient privity existed between 1544 Tchoupitoulas and Twi-Ro-Pa such that Twi-Ro-Pa's right to litigate wind coverage should be extinguished by the ruling in this Court.  Further, this Court had already determined, before it addressed the wind exclusion, that 1544 Tchoupitoulas had no claim because it was not an additional insured under the policy.  In essence, the discussion regarding wind coverage was dicta in the opinion.  And interestingly, the Fifth Circuit affirmed this Court's ruling solely on the basis of additional insured status, completely

pretermitting any discussion of the wind exclusion.  <u>1544 Tchoupitoulas v. Century Surety Co.</u>, 260 Fed. Appx. 748 (5th Cir. Jan. 2, 2008) (unpublished).

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Permanent Injunction Pursuant to the Re-Litigation Exception of the Anti-Injunction Act (Rec. Doc. 75)** filed by defendant Century Surety Co. is **DENIED**.

* * * * * * * *

*/s/ Jay C. Zainey*